In re Donald KUBINSKI and Maureen Kubinski, Debtors.

MAZZUCCO CONSTRUCTION CO., Appellant,

v.

Donald KUBINSKI and Maureen Kubinski.

No. 86 C 2870.

United States District Court, N.D. Illinois, E.D.

Jan. 12, 1987.

William G. McMenamin, Joliet, Ill., for appellant.

Thomas J. Gilbert, Gilbert & Schoenstedt, Joliet, Ill., for debtors.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

■ This case is before me for a review of a final order entered in it by our United States Bankruptcy Court. The original action arose out of a purchase agreement between the debtors, Donald and Maureen Kubinski, and the appellant-creditor, Mazzucco Construction Company ("Mazzucco") which had been entered into in May of 1978. In April of 1984, the debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. Finally, in March of 1986, the Bankruptcy Court determined that the debts owed by the Kubinski's to Mazzucco Construction were dischargeable in the bankruptcy proceedings. The appellant is here seeking review of that order and requesting that the debts owed to it by the Kubinski's be declared non-dischargeable and remain enforceable under the provisions of 11 U.S.C. § 523. The standard of review to be used in this situation is whether the findings of the Bankruptcy Court are clearly erroneous. After reviewing the evidence in its entirety, I conclude that the Bankruptcy Judge's holdings were not clearly erroneous, and allow his decision to stand.

■ The Company's main contention is that the debtors furnished it with a materially false financial statement upon which it relied to extend further credit to the debtors. Because of this Appellant insists, the debts should not be discharged. The question to be asked in this instance, as was noted by the Bankruptcy Judge, is whether Mazzucco's reliance on the false financial statement was the significant factor in its decision to renew credit to the Kubinski's.

I can't find in the record any definitive evidence that Mazzucco really relied upon the financial statement the Kubinski's had made. Many reasons appear which could

have influenced the decision to renew credit, and Mazzucco was unsure itself as to what if any influence the false statement had on its decision. I find it difficult to infer from this that reliance on the statement was in fact either substantial or significant.

■ As for appellant's remaining allegation that the debtor attempted to conceal assets to convert the collateral of Mazzucco, and to maliciously injure the property, and that he never intended to repay appellant, the Bankruptcy Court's findings must stand. The findings contained in the final order are substantiated by evidence that was before the Bankruptcy Judge. When the inferences of the Bankruptcy Court are reasonably based this Court will not in the absence of a clearly erroneous decision disturb them. *In re: Osborne,* 42 B.R. 988, 11 CBC 2d 1349 (W.D.Wis.1984).

Accordingly, the findings of the Bankruptcy Court must stand at this time and his final order is affirmed.